UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA PORTILLO,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF NATIONAL CITY,<br><br>                    Defendants | Case No.:  20-cv-2429 W (MDD)<br><br>**ORDER GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND MOTION TO DISMISS [DOC. 12] WITH LEAVE TO AMEND** |

Pending before the Court is Defendant's motion to dismiss the First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). Along with the motion, Defendant has filed a request for judicial notice. Plaintiff opposes the motion, but not the request for judicial notice.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS** Defendant's request for judicial notice and motion to dismiss [Doc. 12] **WITH LEAVE TO AMEND**.

1

## I.  BACKGROUND

In late October and early November 2019, Plaintiff Cecilia Portillo was a "homeless vagrant living on the streets of the [Defendant] City of National City." (*FAC* [Doc. 1] ¶ 9.)  The City was "performing a sweep in which they first notify the homeless population in a specific area that the City will be coming by and removing all items from the area permanently." (*Id.*)  The notice provided a date certain by when "the homeless population was to have their belongings removed or risk losing them…." (*Id.*)

Portillo alleges that "[d]uring the 'notice' stage of the sweep," an unknown City worker taunted and harassed her with the specific intent to cause emotional distress. (*FAC* ¶ 12.)  Specifically, the employee threatened to take Portillo's "property which included a live pet dog" and taunted her about her mental illness. (*Id.*)  He also followed Portillo when she tried to get away from his taunts. (*Id.*)

The removal of items was to occur in approximately the beginning of November. (*FAC* ¶ 13.)  On the specific day, Portillo and the "unknown City worker became engaged in the taunting and harassing behaviors over her property and her pet dog." (*Id.*) The worker made specific threats against her dog, which caused Portillo to suffer severe emotional distress, resulting in her hospitalization and separation from her dog. (*Id.*)

On December 14, 2020, Portillo filed this lawsuit against the City. (*See Compl.* [Doc. 1].)  The original Complaint alleged that on November 5, 2019, the unknown City employee sexually assaulted Portillo by groping her breasts, vaginal area, and buttocks before she was able to fight him off and report the incident to the police. (*Id.* ¶ 9.)  Based on this conduct, the Complaint asserted the City was liable under the doctrine of respondeat superior for: (1) violation of Civil Rights under 42 U.S.C. § 1983; (2) intentional infliction of emotional distress; (3) gender violence in violation of California Civil Code § 52.4; and (4) sexual battery. (*Id.* ¶¶ 15, 22, 27, 32.)

On April 19, 2021, the City filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). (*See MTD I* [Doc. 6].)  The City argued, among other things, that respondeat superior did not apply because the unknown City employee was

not acting within the scope of his employment when the alleged sexual assault occurred. (*MTD P&A II* [Doc. 6-1] 5:5–11:22.)  Portillo opposed the motion.  (*See Opp'n* [Doc. 7].)  On November 2, 2021, this Court granted the motion to dismiss finding that because the Complaint failed to allege facts about the unknown employee's role or duties with the City, there "are no facts suggesting the City employee's assault occurred as an 'outgrowth' of the employment or that the risk of tortious injury was 'inherent in the working environment' or 'typical of or broadly incidental to the enterprise the employer has undertaken."  (*MTD Order* [Doc. 10] 5:22–28, citing Lisa M. v Henry Mayo Newhall Mem'l Hosp., 12 Cal. 4th 291, 298 (1995).)  The order granted Portillo leave to amend. (*Id.* 6:15–18.)

On November 4, 2021, Portillo filed the FAC, which asserts three causes of action for: (1) violation of Civil Rights under 42 U.S.C. § 1983; (2) intentional infliction of emotional distress; and (3) negligence.  (*See FAC*.)  The City now moves to dismiss the FAC.  (*See MTD II* [Doc. 12].)  Portillo opposes the motion.  (*See Opp'n II* [Doc. 13].)

**II.   LEGAL STANDARD**

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.  See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party."  Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to

relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007).  The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences.  See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III.   REQUEST FOR JUDICIAL NOTICE

Federal Rule of Civil Procedure 201 permits a court to take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b).  A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Id. 201(b)(1)-(2). Under this rule, a court may "take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment," but it "cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018).

The City requests judicial notice of Portillo's government claim form filed under the California Tort Claims Act.  Judicial notice of the document is appropriate.  See Clarke v. Upton, 703 F.Supp.2d 1037, 1042 (E.D. Cal. 2010) ("taking judicial notice of the filing date and content of the Tort Claims and their rejection by the County, on the grounds that the documents are matters of public record and sets forth facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'"); Davis v. Zimmerman, 2018 WL 1806101, at *6, n.5 (S.D. Cal. 2018) (taking judicial notice of claim and rejection); Placencia v. United States, 2017 WL 3017708, at *2 (S.D. Cal. 2017) (taking judicial notice of claim).

4

IV. **DISCUSSION**

The City argues the FAC must be dismissed because Portillo's causes of action are based on conduct that was not raised in her government claim form. (*MTD P&A II* [Doc. 12-1] 11:21–14:22.) The City also argues the FAC fails to plead a section 1983 cause of action because Portillo fails to allege a constitutional violation and the claim is based on respondeat superior liability. (*Id.* 20:1–21:28.)

A. **Government Tort Claims Act**

Before suing a public entity, the California Tort Claims Act (CTCA) requires "the timely presentation of a written claim and the rejection of the claim in whole or in part." Mabe v. San Bernardino County, Dept. of Public Social Services, 237 F.3d 1101, 1111 (9th Cir. 2001) (quotation omitted). Failure to comply with the CTCA's requirements precludes a plaintiff from bringing suit against an entity. Hacienda La Puente Unified Sch. Dist. of Los Angeles v. Honig, 976 F.2d 487, 495 (9th Cir. 1992). The threshold notice requirements of claim submission include the name and address of the claimant; "the date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted"; a general description of the injury, damage or loss; the names of the public employees causing the injury, damage, or loss; and the amount claimed if less than $10,000. Cal. Gov't Code § 910.

The CTCA bars "actions alleging matters not included in the CTCA claim filed with the public entity." State of California ex rel Dept. of Transportation v. Superior Court, 159 Cal. App. 3d 331, 336 (1984). "Courts have consistently interpreted the Tort Claims Act to bar actions alleging matters not included in the claim filed with the public entity." Id. "In other words, the factual content of the plaintiff's claim [is] viewed by the trial court as operating to proscribe the limits of any later action for which filing the claim is a precondition." Williams v. Braslow, 179 Cal. App. 3d 762, 770 (1986).

A claim, however, "need not contain the detail and specificity required of a pleading but need only 'fairly describe what [the] entity is alleged to have done.'"

5

1 | Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth., 34 Cal. 4th 441, 446
2 | (2004).  In Stockett, the California Supreme Court described the requirement as follows:

> The claim, however, need not specify each particular act or omission later proven to have caused the injury.  [Citation omitted.]  A complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an "entirely different set of facts." [Citation omitted.]  Only where there has been a "complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim," have courts generally found the complaint barred. [Citation omitted.]  Where the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to act by the defendants, courts have generally found the claim fairly reflects the facts pled in the complaint.  [Citation omitted.]

Id. at 447.

Here, Portillo's CTCA claim contains virtually no factual details.  And the few factual allegations relate to Portillo's sexual assault by an unidentified employee. Question 4 on the form asks: "How did the DAMAGE or INJURY occur?  Give full particulars."  (*RJN* [Doc. 12-2], Ex. 1 at p. 7 of 14.)  Portillo's response states that on two separate occasions she "was accosted and assaulted by an National City employee." (*Id.*) Question 7 then asks: "What particular ACT or OMISSION do you claim caused the injury or damage?  Give names of City employees causing the injury or damage, if known[.]"  (*Id.* at p. 8 of 14.)  In response, Portillo states: "Sex assault. Assault & Battery."  (*Id.*)  There is no mention of Portillo's property, much less that her property was threatened or taken by the unknown City employee.  (*See id.*)

Attached to Portillo's CTCA claim is a report by the National City Police Department.  (*See RJN* Ex. 1 at p. 9 of 14.)  Consistent with the claim form's allegations, the police report confirms Portillo's claim was based entirely on sexual assault.  (*Id.* at p. 9 of 14.)  And again, there is no mention of Portillo's property, much less that her property was threatened or taken by the unknown City employee.  (*See id.*)

In her opposition, Portillo argues that the "claims" in the FAC "match the claims as noticed in her Government Immunity Notice" because the form referred to "accosted," "assaulted," and "assault and battery." (*Opp'n* [Doc. 13] 4:26–5:4.) Portillo then appears to argue that the terms "accosted" and "assault and battery" are broad enough to encompass the allegations in the FAC. (*Id.* 5:5–19.) The Court disagrees.

The conduct in the CTCA claim form stemmed solely from the unidentified employee's alleged sexual assault of Portillo. There was no mention of Portillo's property. In contrast, the FAC omits any reference to Portillo's sexual assault and shifts the entire basis of the lawsuit to the City employee's assault of Portillo's pet and removal of her property. (*FAC* ¶¶ 12, 13.) In short, the FAC does not simply elaborate or add detail to Portillo's CTCA claim, but instead changes the basis for the City's liability to entirely different conduct. Thus, Portillo's intentional infliction of emotional distress and negligence causes of action are barred.[1]

### B. The Section 1983 cause of action is insufficiently pled.

The City argues Portillo's section 1983 cause of action must be dismiss for two reasons: (1) the FAC is based on alleged violations of tort law, not the violation of a constitutional right; and (2) the City's liability is improperly based on the doctrine of respondeat superior. (*MTD P&A II* 20:1–21:28.) The Court agrees.

"Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146, n. 3 (1979). Additionally, a municipality can only be liable under §1983 "if the governmental body itself 'subjects' a person to a deprivation of

---

[1] "[T]he claim provision of section 911.2 is inoperative in an action brought under section 1983. Thus the fact that plaintiffs in the case at bar did not allege compliance with this provision is irrelevant to their claim under the Civil Rights Act." Williams v. Horvath, 16 Cal.3d 834, 842 (1976) Accordingly, despite Portillo's failure to raise the issue, her failure to comply with the CTCA is not a basis to dismiss the section 1983 claim.

rights or 'causes' a person 'to be subjected' to such deprivation." <u>Connick v. Thompson</u>, 563 U.S. 51, 60 (2011) (quoting <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 690 (1978)). A municipality cannot be held vicariously liable for its employees' conduct under the doctrine of respondeat superior. <u>Monell</u>, 436 U.S. at 691.

Here, Portillo's section 1983 cause of action is based on the City's alleged violation of "plaintiff's right to be free from mental abuse, taunts, jeers, insults, and the loss of her pet companion by a City worker." (*FAC* ¶ 17.) Because the 1983 claim is based on general tort theories and arises from the unknown City employee's conduct, the FAC fails to state a section 1983 cause of action.

### IV.   CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Defendant's request for judicial notice and motion to dismiss [Doc. 12]. Because the previous dismissal order did not address the deficiencies with Portillo's section 1983 cause of action, the Court will grant Portillo **LEAVE TO AMEND** that cause of action. However, this is Portillo's final opportunity to amend the FAC. The second amended complaint is due on or before **April 18, 2022**.

**IT IS SO ORDERED.**

Dated: April 4, 2022

Hon. Thomas J. Whelan
United States District Judge