UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA PORTILLO,<br><br>                              Plaintiff,<br><br>v.<br><br>CITY OF NATIONAL CITY, and DOES 1-10,<br><br>                              Defendants. | Case No.:  20-cv-2429 W (MDD)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [DOCS. 18, 21] WITHOUT LEAVE TO AMEND** |

   Pending before the Court are motions to dismiss by Defendant City of National City and Defendant National City Police Department under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff opposes the motions.

   The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1).  For the following reasons, the Court **GRANTS** Defendants' motions to dismiss [Docs. 18, 21] **WITHOUT LEAVE TO AMEND**.

## I.  BACKGROUND

### A.  Facts giving rise to the lawsuit.

In late October and early November 2019, Plaintiff Cecilia Portillo was a "homeless vagrant living on the streets of the [Defendant] City of National City." (*SAC* [Doc. 16] ¶ 12.)  The City was "performing a sweep in which they first notify the homeless population in a specific area that the City will be coming by and removing all items from the area permanently." (*Id.*)  The notice provided a date certain by when "the homeless population was to have their belongings removed or risk losing them…." (*Id.*)

Portillo alleges that "[d]uring the 'notice' stage of the sweep," an unknown City worker taunted and harassed her with the specific intent to cause emotional distress. (*SAC* ¶ 15.)  Specifically, the employee threatened to take Portillo's "property which included a live pet dog" and taunted her about her mental illness. (*Id.*)  He also followed Portillo when she tried to get away from his taunts. (*Id.*)

The removal of items was to occur in approximately the beginning of November. (*SAC* ¶ 16.)  On the specific day, Portillo and the "unknown City worker became engaged in the taunting and harassing behaviors over her property and her pet dog." (*Id.*)  The worker made specific threats against her dog, which caused Portillo to suffer severe emotional distress, resulting in her hospitalization and separation from her dog. (*Id.*)

### B.  Procedural history

On December 14, 2020, Portillo filed this lawsuit against the City. (*See Compl.* [Doc. 1].)  The original Complaint alleged that on November 5, 2019, the unknown City employee sexually assaulted Portillo by groping her breasts, vaginal area, and buttocks before she was able to fight him off and report the incident to the police. (*Id.* ¶ 9.)  Based on this conduct, the Complaint asserted the City was liable under the doctrine of respondeat superior for: (1) violation of Civil Rights under 42 U.S.C. § 1983;

(2) intentional infliction of emotional distress; (3) gender violence in violation of California Civil Code § 52.4; and (4) sexual battery. (*Id.* ¶¶ 15, 22, 27, 32.)

On April 19, 2021, the City filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). (*See MTD I* [Doc. 6].) The City argued, among other things, that *respondeat superior* did not apply because the unknown City employee was not acting within the scope of his employment when the alleged sexual assault occurred. (*MTD P&A II* [Doc. 6-1] 5:5–11:22.) Portillo opposed the motion. (*See Opp'n* [Doc. 7].) On November 2, 2021, this Court granted the motion to dismiss. (*MTD Order* [Doc. 10] 6:21-22.) The Court rejected Plaintiff's *respondeat superior* theory because the Complaint failed to allege facts "suggesting the City employee's assault occurred as an 'outgrowth' of the employment or that the risk of tortious injury was 'inherent in the working environment' or 'typical of or broadly incidental to the enterprise the employer has undertaken.'" (*Id.* 5:22–28, citing Lisa M. v Henry Mayo Newhall Mem'l Hosp., 12 Cal. 4th 291, 298 (1995).) The order granted Portillo leave to amend. (*Id.* 6:15–18.)

On November 4, 2021, Portillo filed the FAC, which asserted three causes of action against the City for: (1) violation of Civil Rights under 42 U.S.C. § 1983; (2) intentional infliction of emotional distress; and (3) negligence. (*See FAC*.) The City again moved to dismiss the FAC. (*See MTD II* [Doc. 12].) Portillo opposed the motion. (*See Opp'n II* [Doc. 13].) On April 4, 2022, this Court granted the motion to dismiss, finding Portillo's state-law claims did not comply with the California Tort Claims Act (CTCA) and the section 1983 claim was insufficiently pled. (*MTD II Order* 5:8–8:9.) The order granted Portillo leave to amend her section 1983 claim. (*Id.* 8:13–15.)

On April 18, 2022, Portillo filed the SAC, which added the National City Police Department (NCPD) as a defendant and asserts six causes of action for: (1) violation of Right to Be Secure from Unreasonable Seizures under 42 U.S.C. § 1983; (2) violation of Right to Due Process of Law under 42 U.S.C. § 1983; (3) violation of Civil Rights due to a State Created Danger under 42 U.S.C. § 1983; (4) violation of Civil Rights under Cal. Civ. Code § 52.1; (5) assault, battery, and sexual assault; and (6) violation of California

Constitution Art. I, §§ 7, 13, 28. (*See SAC*.) The City and NCPD now move to dismiss the SAC. (*See City MTD III* [Doc. 18], *NCPD MTD* [Doc. 21].) Portillo opposes the motions. (*See Opp'n to City MTD III* [Doc. 20], *Opp'n to NCPD MTD* [Doc. 23].)

## II. LEGAL STANDARD

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

//
//
//

### III. DISCUSSION

#### A. Section 1983 causes of action

The City argues Portillo has failed to state a 1983 cause of action because she again relies on vicarious liability against the City. (*MTD P&A III* [Doc. 18] 14:1–3.[1]) The Court agrees.

"A municipality may not be held liable under [42 U.S.C. § 1983] solely because it employs a tortfeasor." Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403 (1997) (referencing Monell v. Dept. of Social Services, 436 U.S. 658, 689–92 (1978)). Instead, a plaintiff seeking to establish municipal liability under § 1983 must prove that his or her injury was the result of a municipal policy or custom. Id. In order to state a Monell claim against a municipality, a plaintiff must allege: (1) she was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to her constitutional right; and (4) the policy was the moving force behind the constitutional violation. Lockett v. Cnty. of L.A., 977 F.3d 737, 741 (9th Cir. 2020).

Nowhere does Portillo allege a policy or custom. Instead, she bases her 1983 claims on *respondeat superior*. The first cause of action alleges that "defendant through the acts of its employee injured plaintiff while in the performance of his duties as a city worker." (*SAC* ¶ 21.) In her second cause of action, Portillo alleges that "[a]s a direct and proximate consequence of the acts of Defendants' agents and employees, plaintiffs have suffered and continue to suffer loss of her personal property…" (*Id.* ¶ 29.) Similarly, the third cause of action alleges that "[a]s a direct and proximate consequence of the acts of defendants' agents and employees, plaintiff has suffered and continues to

---

[1] The City argues that the second and third causes of action must be dismissed because Portillo was only granted leave to amend her section 1983 cause of action. (*Id.* 12:16.) This argument lacks merit because the second and third causes of action are also brought under section 1983. (*SAC* ¶¶ 25–32.) Although the City did not address the merits of those causes of action, the same analysis used for the first cause of action applies to the second and third.

5

suffer actual and potential injury to her health and safety…" (*Id.* ¶ 32.)  Because all three of Portillo's 1983 causes of action are based on the conduct of the unknown City employee and not a policy or custom, Portillo fails to sufficiently state a section 1983 claim.

### B.  State-law causes of action

The City argues Portillo's state-law causes of action (fourth through sixth) should be dismissed because she was only granted leave to amend her 1983 cause of action. (*MTD Reply III* [Doc. 22] 4:5–8.)  The Court agrees.

In dismissing Portillo's FAC, the order stated that "[b]ecause the previous dismissal order did not address the deficiencies with Portillo's section 1983 cause of action, the Court will grant Portillo **LEAVE TO AMEND** that cause of action."  (*MTD II Order* 8:13–15.)  Other district courts have held that similar language precludes the inclusion of new causes of action in an amended complaint.  See Sollenne v. U.S. Bank Nat'l Ass'n, 2014 WL 3341051, at *3 (S.D. Cal. July 8, 2014) ("Plaintiffs were only given leave 'to amend the claims which were dismissed without prejudice.' (December 13 Order at 10).  Plaintiffs were not granted permission to amend the complaint to assert new claims, and did not seek permission from this Court.  Plaintiffs' attempt to assert additional claims is therefore improper, and dismissal is appropriate.") (citing Fed. R. Civ. P. 15); see also Simmons v. Seal, 2008 WL 1869702, at *5 (N.D. Cal. Apr. 24, 2008) ("Furthermore, in the Order dismissing the initial complaint, the Court granted leave to amend the complaint to correct pleading deficiencies, but did not give Plaintiff permission to add any new claims.")  Because the order did not permit Portillo to amend her complaint to add new causes of action, the Court will dismiss the state-law claims without prejudice.

Moreover, when a court dismisses the federal claims from a complaint, it has discretion on whether to retain supplemental jurisdiction over the state-law claims.  See 28 U.S.C. § 1367(c)(3); see United Mine Workers v. Gibbs, 383 U.S. 715, 728 (1966).

Here, since the federal-question claims are dismissed, and because this case is at an early stage in the pleadings, the Court also declines to exercise supplemental jurisdiction over the state-law causes of action.

### C. National City Police Department

In the SAC, Portillo also named Defendant NCPD in the sixth cause of action for violation of the California Constitution Article I, sections 7, 13, and 28. (*SAC* ¶¶ 40–43.) NCPD contends that the Police Department is not a separate suable entity from the City. (*NCPD MTD P&A III* 6:5–6.) The Court disagrees.

NCPD's argument is contrary to Ninth Circuit authority, which has held that the police department may be sued in Federal Court because it is a public entity under California Government Code § 811.2. See Shaw v. State of Cal. Dept. of Alcoholic Beverage Control, 788 F.2d 600, 605 (9th Cir. 1986); see also Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 n.2 (9th Cir. 1988) ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations.") District courts have also held that "both a municipality and a municipality's police department may be named in an action under California law if both are amenable to suit." Est. of Mendez v. City of Ceres, 390 F.Supp.3d 1189, 1205 (E.D. Cal. 2019); see also Payne v. Cnty. of Calaveras, 2018 WL 6593347, at *3–4 (E.D. Cal. Dec. 14, 2018) ("[A] department of a municipality can be sued separately *in addition* to the municipality for the same alleged wrongs.") (emphasis added); see also Hurth v. Cnty. of L.A., 2009 WL 10696491, at *5 ("[I]f both a county and a county sheriff's department are amenable to suit, they may both be named in a single action."). Therefore, Court will not dismiss NCPD on this basis.

Nevertheless, the NCPD is only named in a state-law cause of action. Because Portillo did not have leave to amend to add the state-law claims and because the Court declines to exercise supplemental jurisdiction over the state-law claims, NCPD is dismissed on that basis a defendant.

IV. **CONCLUSION & ORDER**

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss [Docs. 18, 21] **WITHOUT LEAVE TO AMEND** and **WITHOUT PREJUDICE** as to Plaintiff's state law claims.

**IT IS SO ORDERED.**

Dated: July 19, 2022

Hon. Thomas J. Whelan
United States District Judge